UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PUNI ULUGALU,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 17cv1087-GPC(JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDERING PAYMENT OF PARTIAL FILING FEE** |

On May 26, 2017, Plaintiff Michael Puni Ulugalu ("Plaintiff"), proceeding with counsel, filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (Dkt. No. 3.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1

prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

"Courts have discretion to impose partial filing fees under the in forma pauperis statute." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995). District courts may impose a partial filing fee "when it is economically feasible for an IFP plaintiff to pay it . . . ." Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), vacated in part on other grounds, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). In assessing the amount of a partial filing fee, district courts may consider Plaintiff's own economic choices about how he spends his money on nonessentials. Olivares, 59 F.3d at 112 (district judge was entitled to consider prisoner Plaintiffs' economic choices of purchasing name brand toiletries instead of generic toiletries provided by the prison, and also "crackers, potato chips, corn chips, cookies and candy"); Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir. 1993) ("the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.").

Here, Plaintiff submitted a declaration reporting that he is not presently employed and that he has not worked since December 2010. (Dkt. No. 3. at 2.) He declares that he receives money from "significant other works" in the amount of $2,400 per month. (Id.) He has a Navy Federal checking account with a reported balance of "$200 avg. (wife)." (Id.) He owns a 2006 Suburban vehicle. (Id.) He does not report having any other property or assets. (Id. at 3.) He has a three year old son and one year old son who are dependent on him. (Id.) He claims a total of $2375 in living expenses which results in a $25.00 per month surplus. (Id.) Living expenses include $375 in toiletries, $60 for

internet and $500 for gas. (Id.) Plaintiff has not provided details as to each of these expenses. On its face, some of these expenses appear to be excessive and/or may constitute nonessential items which may be sacrificed in order to pay a partial filing fee.

Due Plaintiff's monthly surplus income and recognizing Plaintiff's economic circumstances, the Court concludes that Plaintiff can afford to pay a partial filing fee. See Civ. Local R. 3.2(d). Thus, Court **DENIES** Plaintiff's motion to proceed IFP and **ORDERS** a partial filing fee of $150.00.

IT IS SO ORDERED.

Dated: June 20, 2017

Hon. Gonzalo P. Curiel
United States District Judge