UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PUNI ULUGALU,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 3:17-cv-01087-GPC-JLB<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**[DKT. NO. 21.]** |

Before the Court is Michael Puni Ulugalu's ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") pursuant to 28 U.S.C. § 2412. (Dkt. No. 21.) No opposition was filed in response to Plaintiff's motion. For the reasons set forth below, the Court GRANTS in part Plaintiff's motion for attorney's fees.

**I.  Background**

The underlying action involved Plaintiff's challenge to the denial of disability and Supplemental Social Security Income ("SSI") benefits. On May 26, 2017, Plaintiff filed a complaint against Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner" of "Defendant"). (Dkt. No. 1.) On October 30, 2017, Plaintiff filed a Motion for Summary Judgment. (Dkt. No. 14.) On November 20, 2017, instead of filing

a response, Defendant filed a Stipulation for Remand and Entry of Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g) ("Order"). (Dkt. No. 16.) On November 28, 2017, the Court granted the Order. (Dkt. No. 17.) A Clerk's Judgment was entered on December 5, 2017. (Dkt. No. 18.)

On February 10, 2018, Plaintiff filed an application for attorney's fees under the EAJA seeking $6,383.96 in attorney's fees and cost. (Dkt. No. 21.) In his motion, Plaintiff attached his attorney's affirmation in support of fees. (Id. at 4.) Plaintiff's counsel, Stuart T. Barasch, requests an hourly rate of $196.79 for 25.3 hours of work performed, totaling $4.978.79. (Id. at 5.) Counsel further requests $125.00 per hour for 9.9 hours of paralegal work, totaling $1,237.50. (Id.) Counsel also requests reimbursement costs for the certified mailing of the summons and complaint to the Defendant in the amount of $17.67 and for the filing fee to initiate this action in the amount of $150.00. (Id.) No opposition was filed in response to Plaintiff's motion.

## II. Discussion

### A. Legal Standard

The EAJA provides, in pertinent part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment in the action and submit an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. 28 U.S.C. § 2412(d)(1)(B). "Fees and other expenses" include reasonable attorney's fees. 28 U.S.C. §

2412(d)(2)(A). The court, however, may not award attorney's fees in excess of $125 per hour unless a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

### 1. Timeliness

According to 28 U.S.C. § 2412(d)(1)(B), an application for fees must be filed "within thirty days of final judgment." Id. Section 2412(d)(2)(G) provides that "'final judgment' means a judgment that is final and not appealable . . . ." Id.

The Ninth Circuit has held that the EAJA's 30 day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a)[1] has passed. Hoa Hong Van v. Barnhart, 483 F.3d 600, 612 (9th Cir. 2007).

Here, Plaintiff filed an attorney's fee motion on February 10, 2018, 67 days after final judgment was filed. The motion was filed seven days after the 60 day period expired and falls within the 30 day filing period. Accordingly, the motion for attorney's fee is timely.

### 2. Prevailing Party

A plaintiff is a prevailing party if she has "succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (quoting Texas State Teachers Assoc v. Garland Indep. Sch. Dist., 489 U.S. 782, 791–92 (1989)). Under the EAJA, attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was "substantially justified." Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002) (citing Flores v. Shalala, 49 F.3d 562, 568–69 (9th Cir. 1995)). Here, because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence-four, Plaintiff is a prevailing party. (Dkt. No. 17.)

---

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

### 3. Substantial Justification

Under the EAJA, the prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). The government must establish that it "had a reasonable basis both in law and fact" for its conduct. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

The Commissioner's stipulation provided that,

> On remand, the Commissioner will conduct any necessary further proceedings to determine if Plaintiff is disabled within the meaning of the Social Security Act. If this matter is referred by the Appeals Council to an Administrative Law Judge (ALJ), the ALJ shall make a new determination as to whether Plaintiff met Listing 1.04, Disorders of the Spine, under 20 C.F.R. Part 404, Subpt. P, Appx. 1, hold a new hearing (if so requested) and a issue a new decision. The parties further request that the Clerk of the Court be directed to enter a final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner.

(Dkt. No. 17 at 2.) Because the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights. Thus, because there is no substantial justification, Plaintiff is entitled to receive attorney's fee under the EAJA, provided that they are reasonable.

### 4. Special Circumstances

The government bears the burden of demonstrating that no special circumstances exist that make the award unjust. 28 U.S.C. § 2412(d)(1)(A); Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1079 (S.D. Cal. 2005) (citing Yang v. Shalala, 22 F.3d 213, 217 (9th Cir.

4

1994)). The special circumstance exception applies when the case involves a novel but credible interpretation of the law, an issue on which reasonable minds could differ, or an important and doubtful question. Grayson Elec. Co. v. NLRB, 951 F.2d 1100, 1103 (9th Cir. 1991). Since no opposition was filed by the Commissioner, the Court finds that there are no special circumstances that would make an award of fees unjust.

### 5. Reasonable Attorney's Fees

The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). Such fees, however, shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

*i. Reasonableness of Hours*

The party seeking an award of fees has the burden of demonstrating that the requested hours are appropriate and reasonable. Hensley v. Eckhart, 461 U.S. 424, 437 (1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation. . . ." Id. at 435. Hours that are excessive, redundant, or otherwise unnecessary should be excluded. Id. at 434. Plaintiff's counsel provides that he expended a total of 35.2 hours on the instant case.[2] In light of the amount of time that social security cases generally take, the claimed hours here are reasonable. See Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); see also Thompson v. Colvin, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable);

---

[2] 25.3 of the hours performed are for attorney time and 9.9 hours are for paralegal time. (See Dkt. No. 21 at 5.)

Boulanger v. Astrue, No. 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Valleyjo v. Astrue, No. 2:09-cv-03088-KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

### ii. Cost of Living Adjustment

In calculating the cost-of-living increase, the Court must multiply the $125–per–hour cap by the annual average consumer price index for all urban consumers for the years in which the attorney performed work in the matter. 28 U.S.C. § 2412(d)(2); see Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005). The Ninth Circuit has also established adjusted maximum rates for work performed in 2017, the years for which Plaintiff's counsel seeks recovery. According to the Ninth Circuit, the maximum hourly rate for work performed in 2017 is $196.79.[3] Given that Plaintiff's counsel's request is the correct rate under the guidelines, (see Dkt. No. 21 at 5), the Court will apply the adjustment and award fees for the 25.3 hours of attorney time at the rate of $196.79, totaling $4,978.79.

### iii. Paralegal Fees

Plaintiff also seeks paralegal fees at a rate of $125 per hour. (Id.) The EAJA permits compensation for paralegals that are in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience and reputation." Nadarajah v. Holder, 569 F.3d 906, 918 (9th Cir. 2009); Richlin Sec. Serv. v. Chertoff, 553 U.S. 571, 578, 588-89 (2008) (paralegal fees may be awarded at prevailing market rates under the EAJA).

Although there is no objection to the requested paralegal rate, the Court still must determine whether it is reasonable for purposes of the EAJA. See Hampton v. Colvin, No. 13-cv-04624-MEJ, 2015 WL 1884313, at *5 (N.D. Cal. Apr. 23, 2015) (assessing

---

[3] See https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited April 24, 2018).

reasonableness of plaintiff's requested paralegal rates despite lack of objection from the Commissioner). While Plaintiff has provided no evidence to support the reasonableness of the requested paralegal rate, despite it being his burden to do so, the Court looks to the *United States Consumer Law Attorney Fee Survey Report* ("Report") to determine the market rate for paralegals. See Uhl v. Colvin, No. 1:13-cv-01303-SMS, 2016 WL 3361800 (E.D. Cal. June 16, 2016) (finding an award reasonable based on figures provided in *United States Consumer Law Attorney Fee Survey Report)*; Schneider v. Soc. Sec. Admin., No. 2:12-cv-01375-JAD-GFW, 2014 WL 4251590, at *3 (D. Nev. Aug. 27, 2014) (same). The Report provides that the median hourly rate for all paralegals in San Diego, California is $100.00.[4]

In light of Plaintiff's lack of evidence as to the skill, experience and reputation of the paralegals, the Court finds the hourly rate of $100 as an appropriate amount for the expended paralegal time in this case. See Martinez v. Colvin, No. 14-cv-3043-BTM-WVG, 2017 WL 766665, at *9 (S.D. Cal. Feb. 27, 2017) (*sua sponte* reducing paralegal rate where Plaintiff failed to support requested rate because he "provided no information regarding the experience, skills, or reputations of the paralegals who worked on this matter"); Denepita v. Colvin, No. 1:13-cv-00846-JLT, 2014 WL 5242496, at *4 (E.D. Cal. Oct. 14, 2014) (same). Based on the foregoing, the Court awards Plaintiff the requested 9.9 hours of paralegal time at the hourly rate of $100.00 for a total of $990.00.

### 6. Costs

A prevailing party may also recover expenses necessary for the preparation of the case. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests reimbursement in the amount of $17.67 for the certified mailing of the summons and complaint to the Defendant. (Dkt. No. 21 at 5.) Plaintiff further requests reimbursement in the amount of $150.00 for the filing fee to initiate this action. (Id.) In his motion, Plaintiff attached records from

---

[4] *United States Consumer Law Attorney Fee Survey Report* 2015-2016, pp. 187 (R.L. Burdge 2018).

Plaintiff's counsel's firm database. (See Dkt. No. 21 at 9-18.) The database records include entries for the filing fee and for the certified mailing of the summons and complaint. (See id.) Thus, because Plaintiff has provided adequate documentation for such expenses, the Court grants reimbursement costs in the amount of $167.67.

### 7. Assignment of Rights to Counsel

Finally, Plaintiff requests that payment of the EAJA award be made directly to Plaintiff's counsel based on a Waiver of Direct Payment of EAJA fees signed by Plaintiff. (See Dkt. No. 21 at 20.) According to the EAJA, fees and other expenses shall be assigned to the prevailing party. 28 U.S.C. § 2412(d)(1)(A). The U.S. Supreme Court has considered whether this provision of the EAJA makes a fee payable to the prevailing party or the attorney. Astrue v. Ratliff, 560 U.S. 586, 588-89 (2010). In Ratliff, the Court highlighted the absence of language in EAJA explicitly directing fees to attorneys and, comparing the EAJA with a provision in the Social Security Act ("SSA") making fee awards payable "to such attorney," the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in the EAJA, it would not interpret the EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." Id. at 593–98 (citing 42 U.S.C. § 406(b)(1)(A)). Nonetheless, district courts have recognized that Ratliff does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government. See Bell v. Berryhill, No. 16-cv-00809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018); Hernandez v. Berryhill, No. 2:15-cv-1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017).

Attached to Plaintiff's motion is an Affidavit and Waiver of Direct Payment executed by Plaintiff. (See Dkt. No. 21 at 20.) Plaintiff's counsel provides that,

> With this Waiver, if Plaintiff owes any debts that qualifies under the Treasury Offset Program (31 USCS § 3716), any payment shall be made

8

payable to the Plaintiff and delivered to Plaintiff's attorney. If the United States Department of Treasury determines that Plaintiff owes no debt subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney. *Astrue v. Ratliff, 560 U.S. 586 (U.S. 2010).*

(Dkt. No. 21 at 6.) Since no evidence has been provided as to whether Plaintiff owes a debt subject to offset, the Court orders the EAJA fees to be paid directly to Plaintiff's Counsel, Mr. Barasch, subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists.

## CONCLUSION

Based on the foregoing, the Court GRANTS in part Plaintiff's motion seeking attorney's fees in the amount of $6,136.46, provided Plaintiff has no outstanding federal debt.[5] The hearing date set for May 4, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: April 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] Counsel Time: 25.3 (hours) x 196.79 (hourly rate) = **$4978.79**; Paralegal Time: 9.9 (hours) x 100 (market rate) **= $990.00**; Costs: 17.67 (mailing costs) + $150 (filing fee) **= $167.67**; Total = **$6,136.46**.